**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **PRIVATE SUITE IAD, LLC,** | |
| ***Appellant,*** | |
| **v.** | **No. 26-7169** |
| **METROPOLITAN WASHINGTON AIRPORTS AUTHORITY,** | |
| ***Appellee.*** | |

**APPELLEE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY AFFIRMANCE**

**TABLE OF CONTENTS**

INTRODUCTION ........ 1
ARGUMENT ........ 3
A. This Case Presents No Question of First Impression........ 4
B. The District Court Correctly Rejected Each Basis for PS IAD's Arbitrary-and-Capricious Claim........ 5
i. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents by Switching to HPTA from Best Value Methodology........ 5
ii. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents Based on the Cancellation of the Original RFP........ 6
iii. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents Based on Amendment 2........ 7
iv. PS IAD Did Not State a Plausible Claim of Favoritism and Bias Towards PS IAD's Competitor with the November 2025 Congressional-Member Letter........ 8
C. The Proposed Amended Complaint Does Not Cure These Defects, So Denial of Leave to Amend Should Also Be Affirmed........ 9
CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*American Petroleum Institute v. EPA*,
72 F.3d 907 (D.C. Cir. 1996) ....................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................2, 4

*Gray v. Poole*,
243 F.3d 572 (D.C. Cir. 2001) ....................3

*Hettinga v. United States*,
677 F.3d 471 (D.C. Cir. 2012) ....................2, 4

*Johnson v. Hantman*,
No. 00-5447, 2001 WL 674637 (D.C. Cir. May 4, 2001) ....................6

*Kerpen v. Metro. Washington Airports Auth.*,
907 F.3d 152 (4th Cir. 2018) ....................4

*Muhammad v. United States*,
No. 19-5109, 2020 WL 873514 (D.C. Cir. Feb. 13, 2020) ....................7, 8

*Nat'l Digital Inclusion All. v. Trump*,
840 F. Supp. 3d 1 (D.D.C. 2026) ....................5

*Priv. Suite IAD, LLC v. Metro. Washington Airports Auth.*,
No. 26-CV-349 (BAH), 2026 WL 2283010 (D.D.C. Aug. 9, 2026) ....................2, 3, 4, 5, 6, 8, 9

*Schindler Elevator Corp. v. Washington Metro. Area Transit Auth.*,
16 F.4th 294 (D.C. Cir. 2021) ....................1, 4

*Van De Berg v. Soc. Sec. Admin.*,
No. 08-5528, 2009 WL 2568738 (D.C. Cir. Apr. 28, 2009) ....................9

*Veterans Contracting Grp., Inc. v. United States*,
920 F.3d 801 (Fed. Cir. 2019) ....................7

*Wisconsin Valley Improvement v. FERC*,
236 F.3d 738 (D.C. Cir. 2001) ....................7

# INTRODUCTION

Appellant Private Suite IAD, LLC's ("PS IAD") invocation of Administrative Procedure Act ("APA")-style review presents no novel question for this Court's resolution and, regardless, is not the controlling inquiry. This case hinges on whether PS IAD pleaded sufficient facts to state a plausible claim for relief. Because this case presents no novel question and because PS IAD failed to meet its pleading burden, this Court should affirm.

PS IAD argues that summary affirmance is impermissible because its appeal concerns a novel question: whether a disappointed offeror may challenge the Metropolitan Washington Airports Authority's (the "Airports Authority") procurement decisions under this Court's APA disappointed-bidder precedents. PS IAD's Opp'n ("Opp'n") at 13–15.[1] This question is not novel—the APA does not apply to the Airports Authority because it is a non-federal interstate compact entity. *E.g.*, *Schindler Elevator Corp. v. Washington Metro. Area Transit Auth.*, 16 F.4th 294, 301 (D.C. Cir. 2021) ("We must therefore answer the question whether WMATA is a federal agency under the APA. Our court has been less than clear on this issue but we hold today that WMATA, as an interstate compact entity, is not a federal agency within the scope of the APA."); *compare id.*, *with Priv. Suite IAD, LLC v. Metro. Washington Airports Auth.*, No. 26-CV-349 (BAH), 2026 WL

[1] Page ranges refer to the page numbers at the bottom of PS IAD's brief.

2283010, at *2 (D.D.C. Aug. 9, 2026) ("'[T]he Commonwealth of Virginia and the District of Columbia, acting pursuant to an interstate compact, jointly created MWAA.'" (quoting *Wash-Dulles Transp., Ltd. v. Metro. Wash. Airports Auth.*, 263 F.3d 371, 373 (4th Cir. 2001)).

Nor is this APA question necessary to resolve the Airports Authority's Motion. Even if APA-style review were wrongly applied, PS IAD must still plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and raises its right to relief "'above the speculative level,'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (quoting *Twombly*, 550 U.S. at 555). The District Court correctly held that PS IAD failed to meet that burden.

PS IAD's burden is simple: It had to identify a provision of the Airports Authority's Enabling Act, Lease, or Contracting Manual that the challenged procurement decision violated. As discussed below, PS IAD's "diffused contentions"—that the RFP contravened generalized government contracting principles, that a November 2025 congressional letter created bias favoring its competitor, and that the Airports Authority committed ethical lapses in selecting that competitor—identified no such violation. *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *7. Indeed, PS IAD now concedes a point central to one of its chief allegations:

Although it alleged that the procurement decision contravened generalized government contracting principles, PS IAD admits that the switch from best value to Highest Price Technically Acceptable ("HPTA") methodology was permitted by the Airports Authority's Contracting Manual. Opp'n at 18–19. APA-style review does not turn that permitted choice into a violation or cure the pleading defect. The dismissal is correct, so the Court should grant the Airports Authority's Motion.

## ARGUMENT

Absent a question of first impression, *see American Petroleum Institute v. EPA*, 72 F.3d 907, 914 (D.C. Cir. 1996), summary affirmance is proper when "the merits of the parties' positions are so clear that expedited action is justified and no benefit will be gained from further briefing and argument," *Gray v. Poole*, 243 F.3d 572, 575 (D.C. Cir. 2001).

Four points support affirmance. *First*, this case presents a routine pleading inquiry, not a question of first impression. *Second*, contrary to PS IAD's assertion, the District Court addressed each of its "diffused contentions" and correctly found that none stated a plausible claim. *Third*, PS IAD failed to plausibly allege a violation of the Airports Authority's Enabling Act, Lease, or Contracting Manual. *Fourth*, the proposed amended complaint failed to cure those defects, making amendment futile. The Court should therefore summarily affirm the dismissal and denial of leave to amend.

**A. This Case Presents No Question of First Impression.**

PS IAD's invocation of APA-style review neither presents a novel question nor displaces the controlling pleading inquiry. *See* Opp'n at 13–15. For one, the APA does not apply to the Airports Authority, a non-federal interstate compact entity. *E.g.*, *Schindler Elevator Corp.*, 16 F.4th at 301; *see also Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 160 (4th Cir. 2018) (holding the APA does not apply to the Airports Authority). Even assuming APA-style review were available, PS IAD must still allege sufficient facts to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). The District Court applied that familiar standard, requiring factual allegations, accepted as true, to raise the right to relief above the speculative level. *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *5 (relying in part on *Iqbal*, 556 U.S. at 678; *Hettinga*, 677 F.3d at 476). It found that PS IAD's "diffused contentions" failed that test in both the original and proposed amended complaints. *Id.* at *7–8. Section B, *infra*, addresses those findings.

The HPTA allegation illustrates why invoking APA-style review does not cure those deficiencies. PS IAD alleges that the Airports Authority "'arbitrarily switched evaluation methodologies to pursue a [HPTA] method of evaluating the proposals,'" but the District Court found that "rather than showing a failure to follow published competitive procedures, as [PS IAD] alleges, [the Airports Authority's] change in methodologies reflects action in conformity with those procedures." *Id.* at

*7. The Contracting Manual expressly permits—and "prefer[s]"—HPTA for concessions contracts, *id.*, and PS IAD now "concede[s]" that the switch was permitted, Opp'n at 18–19. That permitted choice does not itself plausibly establish a violation of the Manual, even under PS IAD's proposed framework. *See Nat'l Digital Inclusion All. v. Trump*, 840 F. Supp. 3d 1, 18 (D.D.C. 2026) ("Compliance with statutory and regulatory obligations is a defense to an APA claim that the government acted contrary to or in excess of those requirements."). APA-style review therefore cannot cure this pleading defect. Summary affirmance is warranted.

### B. The District Court Correctly Rejected Each Basis for PS IAD's Arbitrary-and-Capricious Claim.

PS IAD's second and third arguments reduce to the same contention: PS IAD's allegations concerning the Original RFP's cancellation, HPTA, Amendment 2, and favoritism stated a claim, and that the District Court overlooked its arbitrary-and-capricious theory. Opp'n at 18–22. But the District Court addressed PS IAD's "diffused contentions" in three categories—departures from sound contracting principles, favoritism reflected in the November 2025 congressional letter, and bias reflected in alleged ethical issues and criticisms of PS IAD's bid—and found no plausible claim. *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *7. PS IAD offers no basis to disturb that conclusion. Affirmance is thus proper.

#### i. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents by Switching to HPTA from Best Value Methodology.

PS IAD alleged that switching from Best Value to HPTA violated published procurement procedures. Exhibit A ¶¶ 57, 101, 111[2]; Opp'n at 18–19. The District Court expressly rejected that allegation: HPTA was preferred for concessions contracts, so the switch reflected "action in conformity with those procedures." *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *7. PS IAD now concedes that the Manual permitted the switch but demands a rational explanation. Opp'n at 23–24. The Manual's preference supplies that reason, and PS IAD identifies no provision requiring continued use of Best Value. The Court should therefore affirm. *Johnson v. Hantman*, No. 00-5447, 2001 WL 674637, at *1 (D.C. Cir. May 4, 2001) (affirming where a plaintiff failed to allege any action that could be remedied).

**ii. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents Based on the Cancellation of the Original RFP.**

PS IAD challenges the Original RFP's allegedly unexplained cancellation. Exhibit A ¶¶ 51–53, 101, 103; Opp'n at 17. But the District Court explained—and PS IAD acknowledges—that cancellation followed PS IAD's protest. Opp'n at 17; *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *4. PS IAD identifies no governing provision the cancellation violated, so the Court should affirm on this ground as

[2] Refers to Exhibit A of the Airports Authority's Motion for Summary Affirmance

well.[3] *Muhammad v. United States*, No. 19-5109, 2020 WL 873514, at *1 (D.C. Cir. Feb. 13, 2020) (affirming where an appellant failed to plead specific requirements for properly alleging the claim).

### iii. PS IAD Did Not State a Plausible Violation of the Airports Authority's Governing Documents Based on Amendment 2.

[3] PS IAD relies on *Wisconsin Valley Improvement v. FERC*, 236 F.3d 738, 748 (D.C. Cir. 2001), to argue that an agency cannot "abruptly depart[] from a" prior position without sufficient reason. Opp'n at 16. But *FERC* is an APA case, and the APA does not apply here. *See supra* at 4–5. Stil, in applying *FERC*, PS IAD argues that "'the government cannot cancel a solicitation'" on a "'whim'" without being "'arbitrary and capricious.'" Opp'n at 16 (quoting *Veterans Contracting Grp., Inc. v. United States*, 920 F.3d 801, 806 (Fed. Cir. 2019)). The Federal Circuit does not cite or rely on *FERC*, and it upheld the cancellation because the plaintiff offered no evidence that the government lacked a rational basis. Even if this Court adopted that standard, which the Airports Authority does not urge, PS IAD demand for an explanation fails to meet its burden under *Veterans Contracting Grp., Inc*. because PS IAD points to no evidence that an explanation was required. *Cf.* 920 F.3d at 806 (explaining that a plaintiff that provides evidence that a cancellation was a "mere pretext to cover an improper motivation" would be sufficient).

PS IAD argues that the District Court ignored Amendment 2's unexplained removal of "reasonableness" and "realism" review. Exhibit A ¶ 71; Opp'n at 19–20. The court directly addressed the defect: PS IAD "nowhere explains how, acting transparently, Amendment 2 would contravene the terms of either the Lease or Contracting Manual," and thus "falls far short of stating a claim for violation of any part of the Lease or Enabling Act." *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *7. Demanding an explanation for the change does not cure that failure. The Court should affirm for this reason as well. *Muhammad*, 2020 WL 873514, at *1.

### iv. PS IAD Did Not State a Plausible Claim of Favoritism and Bias Towards PS IAD's Competitor with the November 2025 Congressional-Member Letter.

PS IAD infers favoritism because the Airports Authority received a congressional letter allegedly promoting its competitor "9 days" before Amendment 2. Exhibit A ¶¶ 44, 63–65; Opp'n at 20–22. The District Court correctly found that PS IAD's inference, based only on "coincidental timing" without additional "concrete" facts, "leap[s] too far into thin air." *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *8. PS IAD offers nothing to disturb this conclusion beyond invoking *Banneker Ventures, LLC v. Graham* for the proposition that competing plausible explanations must be resolved in the plaintiff's favor. Opp'n at 21–22 (citing 798 F.3d 1119, 1129 (D.C. Cir. 2015)). But the possibility that the letter prompted Amendment 2 does not itself make PS IAD's inference plausible.

PS IAD wrongly relies on *Banneker*. Alternative explanations do not relieve plaintiffs of the obligation to state plausible claims. As the *Banneker* court explained, "[a] claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC*, 798 F.3d at 1129 (quoting *Twombly*, 550 U.S. at 556). The District Court found that PS IAD's favoritism allegations lacked "any clear underlying factual allegations in support." *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *8. In short, PS IAD failed to state a plausible favoritism claim, and *Banneker* does not require acceptance of every inference PS IAD proposes. The Court should accordingly affirm.

**C. The Proposed Amended Complaint Does Not Cure These Defects, So Denial of Leave to Amend Should Also Be Affirmed.**

PS IAD relegates its defense of the proposed amended complaint to a footnote, asserting that it sought amendment only to address the District Court's earlier concern about a formal award and that no additional allegations of misconduct were necessary because its "original complaint amply stated a claim." Opp'n at 22 n.3. That position confirms the futility ruling. *Priv. Suite IAD, LLC*, 2026 WL 2283010, at *5 ("[S]ave a few revised words, the claim asserted in the proposed amended complaint is essentially identical to that in the original complaint."). Because those additions do not cure the pleading deficiencies concerning HPTA, Amendment 2, or alleged favoritism, the denial of leave to amend should also be affirmed. *Van De*

*Berg v. Soc. Sec. Admin.*, No. 08-5528, 2009 WL 2568738, at *1 (D.C. Cir. Apr. 28, 2009*)* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## **CONCLUSION**

PS IAD's invocation of APA-style review presents no novel question and, regardless, does not cure its failure to plausibly plead a violation in this procurement. That failure is evident across its theories: PS IAD admits that HPTA was expressly authorized for this concessions contract, identifies no governing provision requiring the financial-offer review it says Amendment 2 removed, and bases its favoritism theory on timing and speculation rather than facts identifying prohibited conduct. Because the proposed amended complaint does not cure these pleading deficiencies, the Court should summarily affirm the dismissal and denial of leave to amend.

DATED: November 13, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

s/ *Edward V. Arnold*

Edward V. Arnold
SEYFARTH SHAW LLP
975 F St., N.W.
Washington, D.C. 20004
Telephone: (202) 828-3597
Facsimile: (202) 828-5393
earnold@seyfarth.com

*Counsel for Appellee*

*Of Counsel:*

Ashton P. Jones-Doherty
SEYFARTH SHAW LLP
975 F St., N.W.
Washington, D.C. 20004
Telephone: (202) 828-3584
Facsimile: (202) 828-5393
ajones-doherty@seyfarth.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with type-volume limit of Fed. R. App. P. 27(d) because, excluding that partes of the document exempted by Fed. R. App. P. 32(f), this document contains 2,270 words.

Further, this document complies with the typeface requirements of Fed. R. App. P. 27(d), 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman font and 14-point font size in Microsoft Word.

DATED: November 13, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

s/ *Edward V. Arnold*

Edward V. Arnold

*Counsel for Appellee*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I caused the foregoing to be served via the CM/ECF filing system on the counsel of record listed below:

Rankin Sumner Fortenberry
Bradley Arant Boult Cummings, LLP
188 E. Capitol St.
Suite 1000
Jackson, MS 39201
Telephone: (601) 592-9922
E-mail: sfortenberry@bradley.com

Andrew J. Narod
Bradley Arant Boult Cummings, LLP
1900 K St., N.W.
Suite 800
Washington, D.C. 20006
Telephone: (202) 719-8271
E-mail: anarod@bradley.com

DATED: November 13, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

s/ *Edward V. Arnold*
Edward V. Arnold

*Counsel for Appellee*